IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
DONALD J. MERFELD                 )
JODY K. MERFELD                   )    Bankruptcy No. 04-03162
                                  )
    Debtors.                      )


### ORDER RE MOTION FOR SANCTIONS

On January 20, 2005, the above-captioned matter came on for hearing pursuant to assignment.  Debtors Donald J. and Jody K. Merfeld appeared in person with Attorney Stuart Hoover.  The matter before the Court is Debtors' Motion for Sanctions against Quest Diagnostics for alleged violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(6) and § 362(h).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

### FINDINGS OF FACT

Debtors filed their Chapter 7 petition on August 17, 2004.  Quest Diagnostics is a creditor of Debtors.  Quest Diagnostics is apparently a diagnostic lab that does blood testing.  Debtors are of the opinion that the debt relates to blood tests for Mr. Merfeld.  Prepetition, Debtors were not aware that the blood tests had been done by a this lab and, therefore, they inadvertently neglected to list Quest Diagnostics as a creditor.

After the filing of the petition, Debtors received their first billing statement from Quest Diagnostics (Exhibit 1).  Debtors turned this statement over to their attorney, Stuart G. Hoover, who wrote a letter to Quest Diagnostics on October 27, 2004 (Exhibit 2).  Mr. Hoover's letter states that Quest Diagnostics was a creditor, that Debtors had filed a voluntary petition and that Quest Diagnostics was subject to that petition and the automatic stay.

Debtors' complaint arises out of Quest Diagnostics' reply to Mr. Hoover's letter dated November 19, 2004.  Quest Diagnostics' reply letter was directed to Debtors and not to Mr. Hoover (Exhibit 3).  In addition, the letter indicates to

Debtors that no adjustments would be made since Quest had not received notification from the U.S. Bankruptcy Court.  Quest also indicates that it would require a copy of the notice to creditors.  However, a copy of the notice was attached to Mr. Hoover's letter to Quest on August 27, 2004.  The letter by Quest Diagnostics also indicates that "You will continue to receive bills until we receive this information."  The letter of November 19, 2004 sent to Debtors' home address is the only correspondence sent by Quest Diagnostics that, arguably, violates the automatic stay.

Debtors seek damages and attorney's fees.  Quest Diagnostics was served a copy of the Motion for Sanctions and was also served a copy of the notice of hearing.  Quest Diagnostics did not appear at any time nor did anyone appear for them.

**CONCLUSIONS OF LAW**

A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362.  All voluntary cases are included in § 301.  The § 362 automatic stay "is among the most basic of debtor protections under bankruptcy law."  In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).  It prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case."  11 U.S.C. § 362(a)(6).  The scope of the automatic stay is extremely broad.  Vierkant, 240 B.R. at 321.  It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that drove him into bankruptcy."  Id.; see also In re Lankford, 305 B.R. 297, 301 (Bankr. N.D. Iowa 2004) (citing H.R. 595, 95th Cong., 1st Sess. § 340-42 (1977)).  The automatic stay "operates without the necessity for judicial intervention" and springs into effect immediately upon the filing of a bankruptcy petition, regardless of whether parties to the proceeding "are aware that a petition has been filed."  Vierkant, 240 B.R. at 321.  It is designed to protect debtors "while they attempt to regain their financial footing" by "prevent[ing] creditors from attempting in any way to collect a prepetition debt."  Id.; In re Goodfellow, 298 B.R. 358, 360 (Bankr. N.D. Iowa 2003) (citing In re Grau, 172 B.R. 686, 690 (Bankr. S.D. Fla. 1994))(emphasis added).  Because of its fundamental importance, "courts must display a certain rigor

in reacting to violations of the automatic stay." Vierkant, 240 B.R. at 321.

Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In order to recover damages under § 362(h), a debtor must show (1) that it was injured by the violation of the stay and (2) that the violation was willful. Lankford, 305 B.R. at 302. A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing. Id. In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. Hubbard v. Fleet Mortg. Co., 810 F.2d 778, 782 (8th Cir. 1987) (citing United States v. United Mine Workers, 330 U.S. 258, 303 (1947)).

The court may award punitive damages under § 362(h) only where the action taken is "egregious, intentional misconduct on the violator's part." In re Ketelson, 880 F.2d 990, 993 (8th Cir. 1989). The creditor's status as a sophisticated player in the credit industry can be relevant when considering whether to award punitive damages. Lankford, 305 B.R. at 302. In an action for violation of the automatic stay, the moving party bears the burden of proof and must prove its case by a preponderance of the evidence. In re Westman, 300 B.R. 338, 342 (Bankr. D. Minn. 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).

**ANALYSIS**

Quest Diagnostics has been properly served with notice of this bankruptcy case. It has also been properly served with the Motion for Sanctions under § 362(a)(6) and § 362(h) and the notice of hearing. None of the notices sent to Quest Diagnostics have been returned undeliverable. Therefore, the Court concludes that Quest Diagnostics received the mailings and had notice of Debtors' bankruptcy case.

Quest Diagnostics' conduct of communicating with the Debtors through a letter seeking payment of a debt constitutes a deliberate postpetition attempt to collect a debt in violation of the automatic stay of § 362(a). The Court finds that Debtors have been damaged and that they are entitled a modest sum. However, the nature of the damages here are problematic. Quest Diagnostics only sent one letter violating the automatic stay and Debtors did not have incurred no specific expense from this violation. The Court does not find sufficient grounds for the awarding of punitive damages and instead, awards nominal damages and attorney's fees and costs in the amounts specified below.

**WHEREFORE**, Debtors' Motion for Sanctions against Quest Diagnostics is GRANTED.

**FURTHER**, the Court finds that Debtors, Donald Merfeld and Jody Merfeld, have established by a preponderance of the evidence that Quest Diagnostics violated the § 362(a) automatic stay and is, therefore, subject to sanctions pursuant to § 362(h).

**FURTHER**, the Court awards Debtors nominal damages in an amount of $250.

**FURTHER**, the Court awards Debtors attorney's fees of $300.

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: February 2, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE